# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 4:21-CR-301** |
| v. | |
| **CHRISTOPHER KNIGHT LOPEZ** | |

## UNITED STATES' MOTION TO REVOKE DEFENDANT CHRISTOPHER LOPEZ'S APPEARANCE BOND

The United States of America, by and through its undersigned attorneys, respectfully submits the following motion for a hearing to revoke the defendant's appearance bond pursuant to 18 U.S.C. § 3148(b):

### I.   Background

On June 3, 2021, Christopher Lopez and others were indicted by a federal grand jury in the Southern District of Texas, 4:21-CR-301. The Indictment charged Christopher Lopez with one count of conspiracy to commit wire fraud (18 U.S.C. § 371), fifteen counts of wire fraud (18 U.S.C. § 1343), three counts of aggravated identity theft (18 U.S.C. § 1028A), and one count of Bankruptcy fraud (18 U.S.C. § 157(1)). These charges were based on a fraudulent scheme in which Christopher Lopez and others solicited money from investors based on materially false information, which Christopher Lopez and others misappropriated to their own personal use.

Christopher Lopez was arrested for those charges on June 16, 2021 and released on $100,000 bond. Under the conditions of Christopher Lopez's release, he was prohibited from: (1) committing any offense in violation of federal, state, or local law; and (2) engaging in any financial advising to others.

However, Christopher Lopez continued to engage in fraud while he was on supervised release. Indeed, on January 15, 2025, a federal grand jury in the Southern District of Texas returned a Superseding Indictment against Christopher Lopez and others that added additional victims and overt acts to the conspiracy charge and charged Christopher Lopez with eleven additional counts of wire fraud.

Some of the new charges in the Superseding Indictment relate to conduct that Christopher Lopez committed while he was on supervised release in this case. Indeed, the Superseding Indictment alleges that from 2023 to the present, Christopher Lopez defrauded an individual identified in the indictment as "CEO T" of $25,800. However, according to the Superseding Indictment, the intended loss was much higher, as Christopher Lopez initially asked for $225,000 in advanced fees to obtain the financing CEO T needed.

## II. Statutory Authority

This Court has the authority to revoke Christopher Lopez's bond and detain him pending trial pursuant to 18 U.S.C. § 3148(b). That section provides:

> The judicial officer **shall** enter an order of revocation and detention if, after a hearing, the judicial officer—

(1) finds that there is—

    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

    (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—

    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

    (B) the person is unlikely to abide by any condition or combination of conditions of release.

Furthermore, if there is probable cause to believe that the defendant committed a federal, state, or local felony while on supervised release, as there is in this case, then there is a **<u>presumption</u>** that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. *Id.*

### III. Analysis

Title 18 U.S.C. § 3148(b) establishes a two-pronged test to determine whether a defendant should be detained after a violation of the conditions of his release. If

the court finds that both prongs are met, then §3148(b) states that the defendant **must be detained**.[1]

The first prong is to determine whether and what type of violation occurred. The United States is relying on § 3148(b)(1)(A), which is met if the court finds probable cause that the person has committed a federal, state, or local crime while on release. Indeed, the Superseding Indictment itself, returned on January 15, 2025, which alleges Christopher Lopez committed violations of 18 U.S.C. § 371 (conspiracy to commit wire fraud), and § 1343 (wire fraud) during the time he was on supervised release, is sufficient to satisfy this prong of the test. *See United States v. Mackie*, 46 F.3d 66, 1995 WL 29300, at 1 (5th Cir. Jan. 13, 1995).

The second prong is to determine whether there are conditions of release that can be set that can adequately ensure the defendant will not flee or pose a danger to the safety of any other person or the community. The government need only prove this element by a preponderance of the evidence. *See United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990).

Because § 3148(b) establishes a presumption that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of

---

[1] Section 3148(b) states, "The judicial officer **shall** enter an order of revocation and detention if, after a hearing, the judicial officer finds [both prongs are met]." (emphasis added).

any other person or the community, a hearing must be held to determine whether the defendant is able to present evidence sufficient to rebut the presumption.

## IV. Conclusion

For the reasons described above, the United States requests the Court set a hearing on the revocation of the defendant's appearance bond pursuant to 18 U.S.C. § 3148(b).

    Respectfully submitted,

    Nicholas J. Ganjei
    United States Attorney

    /s/ Justin R. Martin
    Justin R. Martin
    Assistant United States Attorney
    1000 Louisiana Street, Suite 2300
    Houston, Texas 77002
    (713) 567-9000

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, which was filed electronically, has been delivered automatically to the attorneys for the defendants by the ECF system.

/s/ Justin R. Martin
Justin R. Martin
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 4:21-CR-301** |
| v. | |
| **CHRISTOPHER KNIGHT LOPEZ** | |

## ORDER

Pending before the Court is the United States' Motion to Revoke Defendant Christopher Knight Lopez's Appearance Bond. Having considered the Motion, the facts, and the applicable law,

IT IS ORDERED that there shall be a hearing on the motion on _____, 2025.

Signed in Houston, Texas, on _____, 2025.

_____
The Honorable Keith P. Ellison
United States District Judge